UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LAWRENCE LANDOR                                             CIVIL ACTION

VERSUS                                                      NO. 06-9034

WARDEN PEACHEY, ET AL.                                      SECTION: "B"(3)

## ORDER AND REASONS

Plaintiff, Lawrence Landor, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint against Warden Marlin Peachey, Deputy Warden Greg Longino, Sheriff Rodney Jack Strain, Jr., and the St. Tammany Parish Jail.[1]  In this lawsuit, plaintiff claims that he has not been provided with adequate medical care for a hernia.  The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge.[2]

Defendants have filed a motion for summary judgment.[3]  Plaintiff was ordered to file a memorandum in opposition to defendants' motion on or before September 26, 2007,[4] but he has filed no such opposition.

In reviewing a motion for summary judgment, the Court may grant judgment when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law.

---

[1] Plaintiff also listed as defendants unidentified members of the St. Tammany Parish Jail's medical staff.  However, those individuals were never properly named as defendants or served, and the deadline to amend the complaint to name those individuals expired long ago.  Rec. Doc. 12.

[2] Rec. Doc. 13.

[3] Rec. Doc. 17.

[4] Rec. Doc. 19.

Fed.R.Civ.P. 56(c). "Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (quoting Fed.R.Civ.P. 56); see also Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In their motion for summary judgment, defendants argue that plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory in cases covered by § 1997e(a). Porter v. Nussle, 534 U.S. 516, 524 (2002). The United States Supreme Court has held that "the PLRA's exhaustion requirement applies to *all* inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. at 532 (emphasis added).

In support of their motion, defendants submit the affidavit of Deputy Warden Greg Longino. In that affidavit, Longino states that the St. Tammany Parish Jail has an administrative remedy procedure available to all inmates, including pretrial detainees, and that a summary of that procedure is in the handbook given to all inmates and is available in the jail law library. Longino states:

> 7. To initiate the grievance process, an inmate must fill out the inmate grievance form, which is made easily accessible to all inmates in the jail. In lieu of the form, an inmate may submit a written communication containing the words "This is a grievance though the ARP."
>
> 8. Under the grievance procedure available at the time of the alleged incident, a grievance must be filed within ninety (90) days from the date the incident giving rise to the grievance occurred. Any grievance filed more than ninety (90) days after the incident is rejected as untimely.[5]

With respect to grievances concerning medical issues, Longino further states:

> 16. In the case of an inmate complaint about medical care, inmate complaints and grievances are forwarded directly to the jail medical staff.
>
> 17. Neither the Sheriff, the Warden, I, nor any of other Sheriff's deputy [sic] have the authority to make medical decisions. Medical decisions are made by personnel in the jail's medical department.
>
> 18. The medical department has the responsibility of acting upon and responding to the inmate's grievance regarding medical care.[6]

In further support of their motion, defendants also have submitted an affidavit from Dr. Richard Inglese, the Medical Director of the St. Tammany Parish Sheriff's Office. In pertinent part, Dr. Inglese states:

---

[5] Rec. Doc. 17, Exhibit C, pp. 2-3.

[6] Rec. Doc. 17, Exhibit C, pp. 3-4.

8. Any complaint or grievance submitted by an inmate concerning medical treatment is referred directly to the medical department and a member of the jail medical staff promptly responds to the complaint or grievance.

9. If an inmate is not satisfied with the response, the inmate may appeal the response to me and if he is still not satisfied with my response, he may then appeal to the Sheriff.

10. Inmate Lawrence Landor never submitted a complaint or grievance concerning the medical care he was receiving at the St. Tammany Parish Jail.

11. Inmate Lawrence Landor did not exhaust all his administrative remedies as required by the St. Tammany Parish Jail Administrative Remedy Procedure concerning his denial of medical treatment claim prior to filing this lawsuit.[7]

Plaintiff has not submitted any contrary evidence to show that a genuine issue of material fact exists with respect to the exhaustion issue. Further, pursuant to this Court's Local Rules, by failing to controvert defendants' "Material Facts To Which There Is No Genuine Issue To Be Tried,"[8] plaintiff is deemed to have admitted defendants' statement of facts, including that he never submitted an administrative grievance concerning his medical care and that he failed to exhaust his

---

[7] Rec. Doc. 17, Exhibit B, p. 2.

[8] Rec. Doc. 17.

remedies as set forth in the jail's administrative remedy procedure.[9] In fact, as noted, plaintiff has filed no opposition whatsoever to defendants' motion for summary judgment.

In light of the foregoing, the Court finds that defendants are correct in contending that they are entitled to judgment as a matter of law due to plaintiff's failure to exhaust his administrative remedies.

Accordingly,

**IT IS ORDERED** that defendants' unopposed motion for summary judgment is **GRANTED** and that plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** based on his failure to exhaust his administrative remedies.[10]

New Orleans, Louisiana, this first day of October, 2007.

                                           *Daniel E. Knowles, III*
                                           **DANIEL E. KNOWLES, III**
                                           **UNITED STATES MAGISTRATE JUDGE**

---

[9] Local Rule 56.1 provides: "Every motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.2 then provides:

> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party will be deemed admitted, for the purposes of the motion, unless controverted as required by this rule.

[10] Because it is clear that summary judgment is warranted based on the lack of exhaustion, the Court need not address defendants' alternative grounds for dismissal.